IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARVIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv949-WKW |
| | ) | |
| WACKENHUT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Marvin Smith, proceeding *pro se*, commenced this employment discrimination action against his former employer, Wackenhut Corporation, in the United States District Court for the Eastern District of California on April 10, 2009. On October 9, 2009, the court granted defendant's motion to transfer for improper venue and transferred the pending action to this district, where plaintiff had been employed and where his employment discrimination claims arose. This action is presently before the court on defendant's motion to dismiss the complaint and order costs against the plaintiff as a sanction for plaintiff's failure to prosecute his claims, to cooperate in discovery, to attend his own deposition and to comply with orders of this court (Doc. # 106). Upon consideration of the motion, the court concludes that it is due to be GRANTED.

### Relevant Discovery Proceedings

On January 27, 2010, defense counsel Veronica Merritt sent plaintiff a notice indicating that his deposition would be conducted at her Birmingham office, and proposing three alternative dates in February 2010. Plaintiff telephoned Merritt and objected to having

to appear in Alabama; he stated that Merritt could come to his location in Los Angeles, California, to depose him or, alternatively, that she could conduct his deposition by videoconference.  Merritt had plans to be in San Diego, California, on unrelated business in late February so, on February 19, 2010, she noticed plaintiff's deposition by U.S. First Class Mail and U.S. Certified Mail for Monday, March 1, 2010, at 8:00 a.m. at a location in San Diego.  Thereafter, Merritt attempted to reach the plaintiff to confirm that he would attend the deposition as scheduled, but was unsuccessful. On Thursday, February 25, 2010, while Merritt was still in San Diego, an attorney from Merritt's Birmingham law office sought the court's assistance in contacting the plaintiff, as Merritt's unrelated business was concluding that week and she was remaining in California over the weekend solely for plaintiff's deposition. At the court's direction, the court's judicial assistant called the plaintiff to ask him to contact defense counsel.   Plaintiff denied knowledge of the deposition and said that he could not afford to travel from Los Angeles to San Diego for a deposition, but he did call Merritt's Birmingham office.  Plaintiff told Merritt's assistant, Stacy Oliphant, that he could not afford to travel to San Diego and that he had not received notice of the deposition. Plaintiff did not appear for the March 1, 2010 deposition  (See Doc. ## 61, 72).

On March 9, Merritt noticed plaintiff's deposition for March 22 in Montgomery.  She served the notice by U.S. First Class mail and by FedEx two-day delivery. In an accompanying cover letter, Merritt advised plaintiff that, if air travel to Birmingham were more convenient for him, she would move the deposition location. She also asked that plaintiff notify her by March 15, 2010 of his intention to appear for the March 22, 2010

2

deposition.  The notice sent by FedEx was delivered on March 11, 2010.  Plaintiff did not notify Merritt that he would not appear, nor did he seek relief from the court concerning the deposition. Thereafter, he failed to appear for his March 22, 2010 deposition.  (See Doc. ## 64, 72).

On May 18, 2010, the court conducted a telephone conference to address pending discovery issues.  After reviewing the record and hearing from the plaintiff, the court concluded that plaintiff had failed to attend his own properly noticed deposition on March 1, 2010 and was, therefore, subject to sanctions. The court ordered that plaintiff pay defendant's reasonable costs of $630.00, to be paid in three installments tendered to the court by specified dates.  During the telephone conference, plaintiff agreed to the date of June 17, 2010 for his deposition.  Both by verbal order during the conference and written order following the conference, the court directed that plaintiff's deposition take place in Los Angeles, California, on June 17, 2010 at 8:00 a.m. Pacific time, and that defendant notice the deposition to plaintiff by FedEx at plaintiff's home address.  The court directed both parties to serve their responses to previously-served discovery requests on or before June 1, 2010. The court concluded its written order with this admonition: "Plaintiff is CAUTIONED that failure to abide by the court's orders or to participate in discovery as required by the applicable rules may result in dismissal of this case."  (Docs. ## 73, 74).

Merritt noticed the deposition as ordered, to be conducted at her firm's Los Angeles office; the FedEx 2-day envelope addressed to the plaintiff was delivered on June 8, 2010 and signed for by "M. Smith[.]"  Merritt served a second notice by FedEx, as she had

3

inadvertently failed to include driving directions to the deposition location with the first notice. "M. Smith" signed for this second notice on June 11, 2010. On June 17, 2010, an hour past the scheduled time of plaintiff's deposition, Merritt entered plaintiff's failure to appear on the record and further noted that plaintiff had not called or left messages at Merritt's Birmingham office or at the firm's Los Angeles office. (See Doc. ## 73, 74 and Doc. # 108, Exhibits 1-5).[1] In addition, defendant failed to seek relief from the court concerning his attendance at this deposition.

## Discussion

On August 30, 2010, defendant filed the present motion to dismiss, advising the court that plaintiff had failed to appear for his June 17, 2010 deposition as ordered, and requesting that the court impose additional monetary sanctions in the amount of $342.00, the cost incurred by defendant for the court reporter's appearance at the deposition. Defendant further advised the court that it did not receive any response from plaintiff to the interrogatories and document requests it served on the plaintiff on January 27, 2010. (Docs. ## 106, 107, 108). The court allowed plaintiff until September 20, 2010 to respond to the motion. (Doc. # 115). On September 10, 2010, plaintiff filed a pleading styled, "OPPOSIT[]ION TO MOTION TO DISMISS IS TO BE CONSTRUED AS MY MOTION TO STAY[.]" (Doc. # 117). Within this document, plaintiff made a brief statement indicating

---

[1] Merritt did not then notify the court of plaintiff's failure to appear. On July 12, 2010, plaintiff filed an "Opposition to Deposition" which appeared to express his objection to having his deposition conducted in California by attorneys who are not licensed in that jurisdiction. (Doc. # 84). The court overruled plaintiff's objection by order entered on July 19, 2010. (Doc. # 88).

4

his disagreement with defendant's objections to an unspecified discovery request, and included, as an attachment, an article discussing the law of attorney-client privilege in the context of in-house investigations.  Aside from its title, plaintiff's response did not address the issues presented in defendant's motion to dismiss.  The court denied the motion to stay (Doc. # 118), and plaintiff filed no other response to the motion or request for an extension of time to respond.[2]

A court may impose sanctions – including dismissal of an action – for a party's failure to appear for its own properly noticed deposition or its failure to respond to interrogatories.  Fed. R. Civ. P. 37(d)(1)(A), 37(d)(3), and 37(b)(2)(A).  "The district court . . . has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction."  Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).  Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  A district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a

---

[2]  On October 12, 2010 – nearly ten months after defendant served its discovery, nearly five months after the court conducted its telephone conference on discovery issues and ordered plaintiff to respond to the outstanding discovery by June 1, 2010, and three weeks after his response to the present motion to dismiss was due – plaintiff filed a motion for leave to file a late response to defendant's requests for admissions and other discovery.  He represents that the "inside content" of defendant's discovery requests "did not have writing on them" and, therefore, that he could not "possibly give defendant what they wanted"; he asks that the court explain "what is discovery, and how do I present it to the defendant."  (Doc. # 120).  The court finds that plaintiff's representation regarding the blank discovery requests lack credibility.  Even if the stated basis for plaintiff's motion were true, however, plaintiff's October 12, 2010 request for an extension and the court's guidance comes too late; it is further evidence of plaintiff's pattern of delay in this case.

party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." <u>World Thrust Films, Inc. v. International Family Entertainment, Inc</u>., 41 F.3d 1454, 1456 (11th Cir. 1995). "If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

The court concludes that plaintiff's failure to attend his own deposition on June 17, 2010 and his failure to respond to defendant's previously-served discovery requests by June 1, 2010 – after the court had specifically addressed discovery issues in a telephone conference with the plaintiff and ordered him, both verbally and in writing, to do so – demonstrates both a clear pattern of delay and willful contempt of court.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(vii).  The court further concludes that any sanction less than dismissal with prejudice would not suffice.  The court addressed plaintiff's previous failure to attend his own properly-noticed deposition by imposing monetary sanctions.  In the order imposing those sanctions, the court directed plaintiff to submit to deposition on June 17, 2010 and to respond to defendant's discovery requests, and cautioned the plaintiff that his failure to comply with the court's order or to participate in discovery as required by the applicable rules "may result in dismissal of this case."  Despite the court's clear warning, and despite the court's imposition of sanctions for plaintiff's earlier disregard for the discovery process, plaintiff chose to disobey the court's order.  Additionally, the court's attempt to correct plaintiff's behavior with a lesser sanction – an order requiring plaintiff to pay the $630 in costs incurred by defendant for plaintiff's failure to appear on March 1, 2010 – has failed.

First, it is evident that the imposition of a monetary sanction failed to impress plaintiff sufficiently to cause him to change his behavior.  Additionally, plaintiff has not paid any amount toward the ordered sanction.  Instead, he has filed motions seeking to avoid payment of sanctions and also to avoid providing evidence of his inability to pay.  After plaintiff failed to make his first installment payment or to demonstrate his inability to pay, the court allowed plaintiff an extension, until August 31, 2010, to tender the first payment.  (Doc. # 95). Thereafter, plaintiff requested instruction from the court regarding how to provide financial information to the court. (Doc. # 102).  On August 31, 2010, plaintiff filed a form indicating, *inter alia*, that he and his wife are both unemployed, that they have four minor children, and that his household monthly income consists of $531 in public assistance and $639 from an unspecified source.  (See Doc. # 105).  However, despite the court's clear direction to do so (see Doc. ## 74 n. 1, 95, and 103), plaintiff has yet to advise the court of any effort he has made to comply with the sanction.  Additionally, in instructing plaintiff (at his request) regarding how to provide financial information to the court, the court ordered that plaintiff must date a sign a statement declaring, under penalty of perjury, that the information he is providing is true and acknowledging that a false statement may result in dismissal of his claims and/or criminal prosecution.  (Doc. # 103, ¶ 5).  While plaintiff provided financial information on an AO Form 239 provided to him by the court, he did not sign a declaration under penalty of perjury that the information he has included in the form is true.  (See Doc.

# 105).[3]   Accordingly, plaintiff has failed to demonstrate an inability to pay the monetary sanction.  In view of plaintiff's failure to comply with the clear direction of the court to provide financial information in the form of a declaration under penalty of perjury, a further opportunity to avoid the sanction on the basis of poverty is not warranted.

## CONCLUSION

The record before the court establishes that plaintiff has failed to provide discovery as required by the Federal Rules of Civil Procedure and by order of this court and, further, that the court's attempt to correct plaintiff's behavior by imposing monetary sanctions as failed.  Dismissal of this action with prejudice is warranted and no lesser sanction will suffice.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss and order costs against plaintiff (Doc. # 106) be GRANTED, and that judgment be entered: (1) requiring plaintiff to pay costs in the amount of $972.00 ($342.00 for costs incurred by defendant due to plaintiff's willful failure to appear for his June 17, 2010 deposition and $630 for his willful failure to appear on March 1, 2010); (2) dismissing this action with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before February 7, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which

---

[3] In Doc. # 105, plaintiff states that "the information I put on the form [AO 239] is to the best of my knowledge."  This statement is not signed under penalty of perjury and does not comply with the court's order of August 19, 2010 (Doc. # 103).

the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. V. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 24th day of January, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE