IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN G. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-949-WKW [WO] |
| | ) |
| WACKENHUT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

On January 24, 2011, the Magistrate Judge filed a Recommendation in this case. (Doc. # 131.) On January 31, 2011, Plaintiff Marvin Smith ("Plaintiff") filed an objection (Doc. # 136) to the Magistrate Judge's Recommendation. The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge recommends that Plaintiff's action be dismissed with prejudice and certain discovery costs be taxed against him as discovery sanctions for his repeated failure to appear for his own properly noticed depositions, failure to respond to interrogatories, and failure to comply with the Magistrate Judge's orders. Plaintiff's objections fall into two categories: (1) he challenges the propriety of the Magistrate Judge's jurisdiction over this case; and (2) he challenges the Magistrate Judge's findings of fact and law regarding discovery sanctions. Both categories of objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted in full.

**A.     The Magistrate Judge's Jurisdiction**

Plaintiff objects to the Magistrate Judge's jurisdiction on the grounds that he was induced to give "blind consent" to the Magistrate Judge and that the Magistrate Judge lacks jurisdiction under 28 U.S.C. § 636(c).  (Doc. # 136, at 6-7.)  These objections are without merit and have already been ruled on.  On October 23, 2009, the court entered an order referring this case to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), "for all pretrial proceedings and entry of any orders or recommendations that may be appropriate."  (Doc. # 42.)  On May 25, 2010, Plaintiff filed a "Motion to Recuse" challenging the Magistrate Judge's jurisdiction on the grounds (1) that the Magistrate Judge should be removed due to her alleged impartiality; and (2) that he did not consent to the Magistrate Judge's jurisdiction.  (Doc. # 76.)  That same day, Plaintiff also filed a "Motion to Release," that added nothing to his Motion to Recuse.  (Doc. # 75.)  On June 8, 2010, this court entered an order construing both motions as appeals of the Magistrate Judge's rulings, denying them for failure to show error under any standard of review, and reiterating the referral of this case to the Magistrate Judge.  (Doc. # 79.)  On July 12, 2010, Plaintiff again filed a motion objecting to the Magistrate Judge's jurisdiction on the basis that he had not consented to her jurisdiction (Doc. # 83), which the Magistrate Judge denied (Doc. # 86).

Plaintiff's continued objection does not vitiate the fact that this case was properly referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1) without Plaintiff's consent. *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 511-12 (11th Cir. 1990) (affirming the referral of a non-prisoner, pretrial motion for injunctive relief to a magistrate

judge under § 636(b)(1)(B) for a proposed findings of fact and recommendation, and rejecting the defendant's § 636(c) consent argument because the magistrate judge did not enter judgment in the case, but instead "merely made a recommendation" which did not require the parties' consent); *see also Roell v. Withrow*, 538 U.S. 580, 585 (2003) (28 U.S.C. § 636(b)(1) allows the district court to refer to the magistrate judge for recommendations pretrial, case dispositive matters without a plaintiff's consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations[.]"). Plaintiff's objections to the referral of this case to the Magistrate Judge without his consent are overruled.

Plaintiff also objects on the grounds that the Magistrate Judge lacks the power to impose discovery sanctions against him because such sanctions are dispositive and he did not consent to referral. (Doc. # 136, at 1.) First, as discussed above, the consent argument fails. Second, regarding the monetary discovery sanctions, Plaintiff's argument is unavailing because the monetary sanctions are not dispositive and 28 U.S.C. § 636(b)(1) does not bar a magistrate judge from granting monetary sanctions for discovery violations. *See also* 28 U.S.C. § 636(e)(4) (noting that the limits on a magistrate judge's civil contempt authority in consent cases under § 636(c) do not alter the background rule that magistrate judges retain the power to sanction parties under statutes, the Federal Rules of Civil Procedure, and the Federal Rules of Criminal Procedure). As to Plaintiff's argument that the Magistrate Judge lacks jurisdiction to impose the discovery sanction of involuntary dismissal, the court rejects that argument because the Magistrate Judge's involuntary dismissal *recommendation* comports with the requirements of 28 U.S.C. § 636(b)(1).

**B.     Discovery Sanctions**

The Magistrate Judge recommends that Plaintiff's action be dismissed with prejudice because lesser discovery sanctions will not suffice, given Plaintiff's repeated failure to appear at his own properly noticed depositions, failure to respond to interrogatories, and failure to comply with an earlier court ordered monetary discovery sanction. (Doc. # 131, at 5-8.) In addition, the Magistrate Judge recommends that Plaintiff be required to pay Defendant's total deposition costs of $972.00, $630.00 of which was previously ordered by the Magistrate Judge.[1] (Doc. # 131, at 6-8; Doc. # 74)

Plaintiff objects to the Magistrate Judge's Recommendation on the following factual bases: (1) that he signed for his notice of deposition an hour after the June 17, 2010 Los Angeles deposition was to begin, and therefore should not be sanctioned for failure to appear (Doc. # 136, at 4); and (2) Defendant did not comply with its initial disclosure or discovery obligation in a timely fashion (Doc. # 136, at 5).

Plaintiff's factual objections are overruled. First, Plaintiff's unsupported contention that he signed for his notice of deposition regarding his June 17, 2010, 8:00 a.m. deposition an hour after the deposition was scheduled to begin is blatantly contradicted by the evidence in the record. (Doc. # 108, Ex. 4, at 2 (A party named "M. Smith" at Plaintiff's residence signed for the notice at 11:37 a.m. on June 11, 2010.).) Second, Defendant produced

---

[1] The $972.00 monetary sanction consists of $630.00 previously ordered by the Magistrate Judge as a lesser sanction for Plaintiff's failure to appear at his deposition on March 1, 2010 (Doc. # 74), and $342.00 recommended by the Magistrate Judge for Plaintiff's failure to appear at his June 17, 2010 deposition (Doc. # 131, at 8; Doc. # 106, at 4.). Because the Magistrate Judge had jurisdiction to order the $630.00 discovery sanction, that sanction is not under review here.

evidence (Doc. # 98, Exs. 1-6) that it timely complied with the Magistrate Judge's Order (Doc. # 74) that both parties serve their responses to previously served discovery requests on or before June 1, 2010.  Plaintiff has not provided any contrary evidence.

Plaintiff objects to the Magistrate Judge's Recommendation on the following legal bases: (1) that the requirement that he appear at his own deposition violates his equal protection rights because, as a *pro se* litigant, he does not know which questions are objectionable (Doc. # 136, at 2); (2) that Defendant's counsel could not properly take his deposition in California because she is not licensed to practice law there (Doc. # 136, at 3-4); (3) that he should not be sanctioned for failure to appear at the San Diego deposition because Defendant knew of his financial status and thus should have scheduled its second attempted deposition for Los Angeles (Doc. # 136, at 4); (4) that the Magistrate Judge ignored the evidence he has provided on the merits of his claim (Doc. # 136, at 5); and (5) that Defendant has failed to demonstrate the absence of a genuine issue of material fact in this case (Doc. # 136, at 6).

After conducting a *de novo* review of the parts of the Magistrate Judge's Recommendation to which Plaintiff has objected, Plaintiff's legal objections are overruled. First, Plaintiff's decision to pursue his case *pro se* does not relieve him of the responsibility to attend his own deposition or obey discovery orders.  *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. Unit B 1980).  Likewise, Plaintiff has not provided any case law, nor has the court reviewed any, in support of his argument that equal protection rights preclude the imposition of sanctions for failure to appear at a court ordered deposition.  *See* Fed. R. Civ. P.

37(b)(2)(a)(v); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). Second, Plaintiff has failed to demonstrate how Defendant's counsel, as an out-of-state attorney, was barred from taking his deposition in California. *See* California Rule of Court 9.47 (2007) (allowing a licensed out-of-state attorney to take depositions in the state of California for a formal legal proceeding pending in another jurisdiction, subject to certain requirements). Third, Plaintiff's argument that Defendant should have scheduled its second attempted deposition for Los Angeles instead of San Diego for his convenience and cost does nothing to alter the legal implications of his failure to appear at the deposition. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). Fourth, Plaintiff's argument that the Magistrate Judge ignored evidence concerning the merits of his underlying claim fails because such evidence is not relevant to a determination of whether discovery sanctions are proper. Fifth, and finally, Plaintiff's argument that Defendant has failed to meet the moving party's burden on summary judgment is equally irrelevant here.

### C.     **Plaintiff's Other Pending Motions**

In addition to Plaintiff's objections, the following motions filed by Plaintiff are currently pending: (1) an October 12, 2010 Motion for Leave to File a Late Response to Defendant's Request for Admissions and Other Discovery (Doc. # 120); (2) a January 24, 2011 Motion to Set Aside Proceedings and Orders (Doc. # 133); (3) a February 11, 2011

Motion to Invalidate Defendant's Entire Answer and Proceedings (Doc. # 137); and (4) a February 11, 2011 Motion to Set Aside Magistrate Rulings and Recommendations (Doc. # 138). These motions are redundant, frivolous, add nothing to Plaintiff's objection to the Magistrate Judge's Recommendation, and are due to be denied. In addition, Plaintiff's February 11, 2011 motions were filed outside of the time allowed by the Magistrate Judge's Recommendation (Doc. # 131, at 8) and 28 U.S.C. § 636(b)(1).

**D.     Conclusion**

Accordingly, it is ORDERED as follows:

1. Plaintiff's objections (Doc. # 136) are OVERRULED.

2. The Magistrate Judge's Recommendation (Doc. # 131) is ADOPTED.

3. Defendant's Motion to Dismiss (Doc. # 106) is GRANTED, this action is dismissed with prejudice, and Defendant's motion to order costs against Plaintiff (Doc. # 106) is GRANTED in the amount of $342.00.

4. Plaintiff's remaining Motions (Docs. # 120, 133, 137, and 138) are DENIED.

5. A separate Judgment will be issued.

DONE this 3rd day of March, 2011.

　　　　　　　　　　　　　　　　　　　　/s/ W. Keith Watkins  
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE